# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| YUSUFU DANMOLA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-825-G |
| ) | |
| WARDEN GOLDEY, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Yusufu Danmola, a federal prisoner appearing pro se, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc.1. [1] United States District Judge Charles Goodwin referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 13. Respondent filed a Court-ordered response to the petition. Doc. 20. Because this Court can grant no relief to Petitioner, the undersigned recommends the Court deny the petition.[2]

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2] The undersigned takes judicial notice of the Federal Bureau of Prisons' (BOP) inmate database. *See* https://www.bop.gov/inmateloc/ (last visited Sept. 17, 2024); *see also United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). The database shows Petitioner is currently participating in a Residential Reentry Management (RRM) program

I.   **Petitioner's background and claims.**

Petitioner is serving a 115-month sentence from the Northern District of Texas for being a felon in possession of a firearm. Doc. 1, at 1; Doc. 20, at 4 & n.12. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his sentence. Doc. 1.

In his sole ground for relief, Petitioner asserts "Federal Time Credits are construed to apply with First Step Act for medium recidivism and PATTERN score is improperly calculated construed with 'violent offense.'" *Id.* at 7. He asks the Court to "grant [his] First Step Time Credits of 1 year to be credited to [his] sentence and 5 months time credit or more due to time of filing and further days forgone be added to community placement on top of the 9 months for halfway house received." *Id.* at 8. He explains in his brief in support of his petition that he is entitled to immediate release but the "Warden [has] refuse[d] to grant [him] release" even though he has earned time credits "in an amount that is equal to the remainder of his imposed term of imprisonment." *Id.* Att. 1, at 1, 3. He maintains the BOP has miscalculated his First Step Act

---

in Texas. Respondent also states in his response to the petition that the BOP, as of February 21, 2024, has placed Petitioner in a Residential Reentry Center (RRC) in the Northern District of Texas. Doc. 20, at 4-5; *see also id.* at 16 (serving Petitioner at the "Volunteers of America" facility at 2710 Avenue J, Fort Worth, Texas, 76105).

(FSA) time credits through its use of the PATTERN[3] score which counts his felon-in-possession conviction as a "'violent offense.'" *Id.* at 5.

Respondent requests the Court deny the petition because: (1) Petitioner is no longer in Respondent's custody; (2) his request to have his FSA credits applied to his sentence for prerelease custody is moot because the BOP has already transferred Petitioner, "under pre-FSA policies and procedures," from prison to a Residential Reentry Center in Texas; and (3) his PATTERN score claim lacks merit because the BOP has properly assessed Petitioner's recidivism score in accordance with statutory mandates. Doc. 20, at 5-16; *see also* Doc. 21.[4] Having considered the petition and Respondent's response, the undersigned recommends the Court deny the petition as moot.

---

[3] PATTERN stands for the Prisoner Assessment Tool Targeting Estimated Risk and Needs, created by the BOP after delegation from the Attorney General. *See* FED. BUREAU OF PRISONS, *PATTERN Risk Assessment*, https://www.bop.gov/inmates/fsa/pattern.jsp (last visited Sept. 5, 2024).

[4] A prisoner must meet several eligibility requirements before the BOP may apply FSA time credits toward his sentence. *See* 18 U.S.C. § 3624(g)(1); 28 C.F.R. § 523.44(b). First, a prisoner must have earned credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A); 28 C.F.R. § 523.44(b)(1). Second, the prisoner must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or [that he] has maintained a minimum or low recidivism risk, during [his] term of imprisonment." 18 U.S.C. § 3624(g)(1)(B); *see also* 28 C.F.R. § 523.44(b)(2). Third, the prisoner must have "had the remainder of [his] imposed term of imprisonment computed under applicable law." 18 U.S.C. § 3624(g)(1)(C); *see also* 28 C.F.R. § 523.44(b)(3). And fourth, if the BOP places a prisoner in prerelease custody or in supervised release, it

## II.   Discussion.

### A.   Respondent is no longer Petitioner's custodian.

A § 2241 petition must be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *cf. Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004).

Petitioner, while no longer confined in this District, was confined here when he filed his petition. *See* Doc. 1, at 1 (stating he was confined at "El Reno F.C.I." in El Reno, Oklahoma).[5] So the Court retains jurisdiction over the petition despite Petitioner's transfer to the Northern District of Texas. *Santillanes*, 754 F.2d at 888.

Nevertheless, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Padilla*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). And "[f]or § 2241 petitions, this means that the district court

---

must have determined the prisoner is at a minimum or low risk to recidivate. 18 U.S.C. § 3624(g)(1)(D); *see also* 28 C.F.R. § 523.44(c).

[5]   The El Reno Federal Correctional Institution (FCI El Reno) is located in Canadian County, Oklahoma in this District. *See* 28 U.S.C. § 116(c); *see also* https://www.bop.gov/locations/institutions/ere/ (last visited Sept. 5, 2024).

must have jurisdiction 'over the custodian.'" *Naranjo-Delgado v. United States*, No. CIV-18-1061-R, 2019 WL 2342689, at *1 (W.D. Okla. June 3, 2019) (quoting *Padilla*, 542 U.S. at 442). But Petitioner has been transferred to a Residential Reentry Center in the Northern District of Texas. *See* Doc. 20, Ex. 1. So Respondent is no longer Petitioner's custodian, and he is now "powerless to provide any relief this Court might order." *Griffin v. Kastner*, 507 F. App'x 801, 802 (10th Cir. 2013).

Because this Court lacks jurisdiction over Petitioner's current custodian, it can provide no relief to Petitioner. *See, e.g., Griffin*, 507 F. App'x at 802 ("Mr. Griffin is currently detained in Missouri, outside the 'district of confinement' and therefore outside the scope of the district court's habeas jurisdiction."). So, "[w]ith no effectual relief possible, [Petitioner's] petition is moot" and the Court should dismiss it. *Griffin*, 507 F. App'x at 802-03 (internal citation omitted).

### B. The BOP has already placed Petitioner in prerelease custody.

Petitioner seeks to have his FTC credits applied to his sentence for early transfer to prelease custody. Doc. 1, at 8 & Att. 1, at 2, 6. But the BOP has already transferred Petitioner to prerelease custody. *See* Doc. 20, Ex. 1 at 4 (citing Att. G).

On July 27, 2023, Petitioner was referred for residential placement in Fort Worth, Texas for 181-270 days so he could "obtain employment, accrue

release funds, secure a residence, and reintegrate back into the community." *Id.* Ex. 1, at Att. G. This placement occurred on February 21, 2024, which was 267 days prior to his expected release date of November 14, 2024. *Id.* Ex. 1, at 4-5 & Att. G.

Petitioner's request for habeas corpus relief is therefore moot.

## III. Recommendation and right to object.

This Court can grant no effectual relief to Petitioner. So the undersigned recommends the Court deny the habeas corpus petition.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before October 9, 2024, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of September, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE